IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JABREEL ALI,

    Petitioner,

v.                                   CASE NO. 4:10-cv-00006-SPM -GRJ

WALTER MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2008 Leon County robbery conviction for which he is serving a 15-year sentence as a prison releasee reoffender. Doc. 1. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 13. Petitioner does not dispute that his Petition is facially time-barred, but argues that he is entitled to the benefit of equitable tolling. Doc. 14. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to dismiss be granted.[1]

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Procedural History

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, and Petitioner does not contest the accuracy of that summary. Briefly, Petitioner's judgment of conviction was entered on January 16, 2008. Respondent's Appendix ("App.") Exh. B.  No appeal was filed, and accordingly Petitioner's conviction became final 30 days later on February 15, 2008, when the time for filing an appeal elapsed.  *See* Fla. R. App. P. 9.140(b)(3).

On May 19, 2008, Petitioner filed a petition for a belated appeal pursuant to Fla. R. App. P. 9.141 in the First District Court of Appeal.  App. Exh. C.  The state responded and submitted an affidavit by Petitioner's trial counsel, Frank Sheffield, stating that Petitioner never requested that he file an appeal.  App. Exh. F.  The First DCA relinquished jurisdiction to the trial court, which held an evidentiary hearing at which Petitioner and his trial counsel both testified.[2]  Following the hearing, the trial court found that on the basis of the record Mr. Sheffield's testimony should be accepted and Petitioner's rejected, and that Petitioner had failed to establish that he asked his counsel to file an appeal.  The court concluded that "the facts currently established by

---

[2] According to Respondent, the hearing was not transcribed.

the Petitioner are legally insufficient to demonstrate his entitlement to a belated appeal." App. Exh. H. However, the court recommended that Petitioner be given additional time to submit letters that Petitioner alleged he sent to counsel requesting an appeal, but that he had been unable to bring to the hearing due to DOC regulations. *Id*. The court's order was entered on October 22, 2008. The First DCA implicitly rejected the trial court's recommendation that Petitioner be afforded time to produce the alleged letters, and denied the petition for belated appeal on the merits on November 20, 2008. App. Exh. I; *Ali v. State*, 995 So.2d 955 (Fla. 1st DCA 2008).

On May 4, 2009, Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.800(b) to correct a scrivener's error. App. Exh. J. Specifically, Petitioner requested that the trial court records be corrected to reflect his legal name, Jabreel Ali, which Petitioner had changed in March 2004 from his previous name, "Johnny Jones." The trial court dismissed the motion, finding that the judgment and sentence correctly identified petitioner as "Jabreel Ali, F.K.A. Johnny L. Jones." *Id*. Petitioner appealed, but the First DCA dismissed the appeal for lack of jurisdiction because it was not an order that was appealable independent of Petitioner's judgment and sentence. The mandate issued on September 1, 2009. App. Exh. K, M.

Petitioner submitted the instant federal habeas petition to prison officials for mailing on January 4, 2010. Doc. 1. Respondent contends that the Petition is time-barred because neither Petitioner's petition for belated appeal nor his motion to correct a scrivener's error tolled the federal limitations period because they are not applications for post-conviction relief. Doc. 13. Respondent asserts that both matters would have to count as tolling proceedings in order for the instant federal petition to be timely. *Id*.

## **Discussion**

The Supreme Court has recognized that a request to file an out-of-time appeal is a form of state collateral proceeding. *See Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 686-87 (2009) (petition seeking out-of-time appeal on "state collateral review", if granted, renders conviction non-final until the conclusion of direct review, for purposes of determining when federal limitations period begins). Further, there is no dispute that Petitioner's request for belated appeal was timely and "properly filed" under state law. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). Although Petitioner's request for belated appeal was not granted and therefore did not affect the date upon which his conviction became final for purposes of starting the federal limitations period, *see Jimenez*, 129 S.Ct. at 686-87, it was filed well within the federal limitations period and therefore served to statutorily toll the limitations period while it was pending. *See* 28 U.S.C. § 2244(d)(2).

From the date that Petitioner's conviction became final on February 15, 2008, until the date he filed his petition for belated appeal on May 19, 2008, 94 days of the federal filing period elapsed. The filing period was tolled until his petition for belated appeal was denied on November 20, 2008, at which time 271 days remained in the federal filing period, until on or about August 18, 2009. The instant petition, filed on January 4, 2010, is therefore untimely unless the pendency of Petitioner's Rule 3.800(b) motion also tolled the limitations period.

Unlike the petition for a belated appeal, Petitioner's motion to correct a scrivener's error was not an application "for State post-conviction or other collateral review with respect to the pertinent judgment," under 28 U.S.C § 2244(d)(2). To serve

as a tolling motion, the motion "'must contain something vaguely approaching legitimate, relevant, coherent legal analysis,'" and must be "'an attack on the constitutionality or legal correctness of a sentence." *Alexander v. Sec'y, Dept. Of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (quoting *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004), and *Bridges v. Johnson*, 284 F.3d 1201, 1204 (11th Cir. 2002)). Petitioner's motion to correct a scrivener's error contained no legal analysis and raised no substantive challenge to his underlying conviction or sentence. *See* App. Exh. J. Because the motion to correct a scrivener's error did not toll the limitations period, the period continued to run unabated from November 20, 2008, until it expired on August 18, 2009.

Petitioner argues that his federal petition should be deemed timely through the application of equitable tolling. Doc. 14. Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the Petitioner must show that the untimeliness of his petition was "*both* beyond his control and unavoidable even with due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

Petitioner contends that he has established the requisite "extraordinary circumstances" because the state trial court gave him 60 additional days to produce the letters he allegedly sent his counsel requesting an appeal, but the institution where he was confined subsequently advised him that his property had been lost. Doc. 14. At

the time that the state appellate court dismissed his petition for belated appeal on November 20, 2008, Petitioner had 271 days remaining in the federal filing period. Petitioner does not point to any "extraordinary circumstances" that would have prevented him from filing a federal habeas petition during that time, notwithstanding that he did not have access to the letters he allegedly sent to his counsel.

Petitioner also contends that he suffers from schizophrenia that prevented him from pursuing his rights in court. Doc. 14. As support, Petitioner provides a copies of a psychological evaluation from 2002 reviewing Petitioner's history of mental illness and concluding that Petitioner was competent to proceed in a criminal case, a 1998 intake evaluation of his mental health from Baldwin State Prison, and a 2001 psychiatric evaluation/treatment plan discussing Petitioner's mental health history and need for medication.

Although Petitioner may have a history of mental illness, none of the documents submitted by Petitioner establish any causal connection between his alleged mental incapacity and his inability to file a timely federal habeas petition regarding his 2008 Leon County conviction. *See Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (claim that petitioner suffered from mental impairments his entire life was insufficient to justify equitable tolling, and collecting cases requiring a showing of causal connection between mental illness and ability to file petition). A careful review of the state court record reflects that Petitioner was well able to pursue his post-conviction request for a belated appeal in state court in 2008, including appearing for an evidentiary hearing, and nothing in the record suggests that he was suffering from a mental incapacity at that time that could be linked to his ability to file the instant petition.

Petitioner has also failed to show that he exercised due diligence regarding his federal petition.  As support for his argument that he has exercised the requisite due diligence, Petitioner states that he has continued to pursue state post-conviction relief by filing a Rule 3.850 motion and other motions.  Petitioner's ongoing efforts to obtain post-conviction relief in state court do not amount to a showing of due diligence in connection with Petitioner's filing of the instant federal habeas petition.  On this record, the Court cannot say that extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his federal habeas petition.  *See Diaz*, 362 F.3d at 701.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 13, be **GRANTED,** and that a certificate of appealability be **DENIED**.

IN CHAMBERS  this 20th day of January 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**